Shaw, C. J.
It is said in the statement of facts that “ this complaint was for forcible entry and detainer of the premises by the defendant.” The statute on this subject, (Rev. Sts. c. 104,) seems to have been somewhat misunderstood; and the misunderstanding perhaps may have arisen from the circumstance, that this chapter embraces the provisions of two former statutes, one affording redress in case of forcible entry and detainer, and the other affording a remedy for a landlord against a tenant or lessee holding the possession of premises unlawfully, after he is bound to quit, either by the termination of a lease by its own limitation, or after a refusal or neglect to quit after notice to do so, given according to law. They are brought together in one and the same chapter, probably, because the mode of proceeding in the two cases is similar, and the chapter is headed “ of forcible entry and detainer.”
At first sight, it would seem; that this complaint was bad, because it neither sets forth an entry or detainer by force, nor any holding over by the tenant after the determination of any term by notice or otherwise. But on recurrence to the Rev. Sts. c. 104, § 4, it appears that this very general form of complaint, is directed by the statute itself. It provides that the plaintiff may aver, as the plaintiff" has done in this case, that the defendant is in possession of the lands or tenements, in *123 question, which he holds unlawfully and against the right of the plaintiff. It is probable that this dispensation with a specific complaint and this authority to proceed in the simplest form of averment was intended for the relief of persons entitled to this cheap, prompt and summary remedy, for the restoration of possession.wrongfully withheld. Still, in order to recover, the plaintiff must bring his case, by his proof, within the provisions of the statute.
It was once held under a former act, that in this form of proceeding one might recover, who could show that he had a right of possession, even against one holding under an adverse claim of title. Sacket v. Wheaton, 17 Pick. 103. But the statute then in force was essentially altered by the revised statutes, and on very weighty considerations; because otherwise, as was readily perceived, almost all questions of title might be tried under this process, inasmuch as the right of possession, in most cases, depends on and follows the right of property.
The present statute contemplates three cases, in which this process will lie; 1. Forcible entry; 2. Forcible detainer; 3. A tenant holding against his landlord, either (1,) after the determination of a lease by its own limitation; or (2,) after the expiration of a notice to quit duly given; or (3,) after a notice of fourteen days, for non-payment of rent. Rev. Sts. c. 104; St. 1847, c. 267. See Fifty Associates v. Howland, 11 Met. 99.
In the present case, the proof shows no forcible entry, no forcible detainer, no holding over of a tenant of demised premises. 'These are the only cases contemplated in this statute :n which this summary process will lie.
Although, in a loose sense, a mortgagor in possession, is said to be tenant at will of the mortgagee, yet he is not within the reason or the letter of the Rev. Sts. c. 104, § 2. He is not lessee, or holding under a lessee, or holding demised premises without right, after the determination of the lease. The remedies of a mortgagee are altogether of a different character, clearly marked out by law. Upon the facts, the court are of opinion, that the plaintiff’s case is not within the statute and that the defendant is entitled to judgment.